FLORENCE M. LUM, complainant-respondent,

*v.*

WALTER O. LUM, defendant-appellant.

[Submitted October term, 1946.   Decided May 15th, 1947.]

*Messrs. Porter & Hobart (Mr. Newton H. Porter, Jr.,* of counsel), for the complainant-respondent.

*Mr. Frederick J. Gassert,* for the defendant-appellant.

The opinion of the court was delivered by

McLEAN, J.

This is a suit for specific performance of a contract for the payment of alimony.   During the pendency of a suit for divorce, the parties entered into an agreement "to settle all questions concerning alimony, support and allowances and property rights by agreement between themselves."

The agreement covered six items common to divorce suits. It is assumed that all have been performed except the following paragraph which is made the basis of these proceedings and is the only paragraph of the agreement referred to in the bill:

"1. The said Walter O. Lum will pay to the said Florence M. Lum, as and for her support and maintenance, the sum of $130.00 per month until her death or re-marriage; such payments to be made on the Fifth day of each month."

The agreement was dated January 13th, 1944. The husband made payments under it until a final decree of divorce was granted in his favor July 25th, 1945. The bill was filed to compel payment of arrears and monthly installments as they fall due. Appellant moved to dismiss the bill on the ground that the Court of Chancery was without jurisdiction to decree specific performance of the agreement and for the further reason that the matter in dispute had been finally adjudicated by the final decree entered in the divorce proceedings. The motion was denied. An answer was filed on his behalf on the same grounds and the further ground that any action by complainant is cognizable in an action at law and the agreement was contrary to public policy and therefore null and void. The answer was stricken and a final decree entered compelling defendant to specifically perform the terms of the agreement. The appeal is from the order denying the motion to dismiss the bill, from the order striking the answer and from the final decree.

In *Applegate* v. *Applegate, 135 N. J. Eq. 29,* the court said:

"It has been settled by repeated decisions of this court that a bill does not lie for specific performance of such a contract. Our decisions hold uniformly that alimony is a subject specifically committed to the Court of Chancery and arising from the present or past status of the parties as husband and wife. The jurisdiction not only exists while that relation persists, but by the express language of the Divorce Act (*Comp. Stat. p. 2034 § 25*), continues after decree of divorce; and it necessarily includes the power, in cases where the wife is entitled to alimony, to regulate the amount of such alimony from time to time, to supervise agreements between the parties in that regard, to enforce them if deemed just, and to decline to recognize them otherwise. *Calame* v. *Calame, 25 N. J. Eq. 548.* But these powers grow out of the existing or pre-

existing marital status, and are not controlled by the rules of specific performance of contracts. The bill in this case being framed as a bill for specific performance, was properly dismissed as such, and the decree will accordingly be affirmed, but without prejudice to an application for suitable alimony, on which application the wife may legitimately ask the court to recognize the agreement as a basis for its award, and the court will recognize it or not as it thinks proper." *Apfelbaum* v. *Apfelbaum, 111 N. J. Eq. 529.*

This proceeding is not ancillary to or in any way connected with the suit for divorce between the parties. It is not brought within the jurisdiction of the Court of Chancery over matrimonial matters. The bill is, and is framed as a bill for specific performance of a contract to pay alimony. The motion to dismiss the bill should have been granted. Finding as we do, that the court was without jurisdiction to entertain the bill, it is not necessary to determine the other questions involved.

The order below is reversed, and the cause remanded to the Court of Chancery with instructions to dismiss the bill of complaint.

*For affirmance*—EASTWOOD, J. 1.

*For reversal*—THE CHIEF-JUSTICE, PARKER, BODINE, DONGES, WELLS, RAFFERTY, DILL, FREUND, McLEAN, JJ. 9.

*For reversal not on opinion*—HEHER, COLIE, WACHENFELD, McGEEHAN, JJ. 4.